IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

UNITED STATES OF AMERICA

v.                                                   CASE NO.: CR506-15

COREY LAMONT EVANS

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Defendant Corey Lamont Evans has filed a Motion to Suppress (Doc. No. 24), and the Government has filed a Response (Doc. No. 27). For the reasons that follow, Defendant's Motion should be **DENIED**.

### DISCUSSION AND CITATION TO AUTHORITY

In his Motion, Defendant contends that Officer Williams, the arresting officer, conducted an illegal search of his person in violation of his Fourth Amendment rights. (Doc. No. 24, p. 1). Defendant alleges that all evidence obtained from the search should be suppressed. (Id.). Specifically, Defendant contends that because there is no indication in Officer Williams' incident report that Defendant was formally arrested prior to a pat down search, the search could not have been pursuant to a lawful arrest and was therefore unreasonable and invalid under the Fourth Amendment. (Id.).

Conversely, the Government alleges that Defendant was, in fact, arrested by Officer Williams prior to the search of his person, and that therefore the search was authorized as incident to a lawful arrest. (Doc. No. 27, p. 1). The Government contends that even searches conducted immediately *before* formal arrest are valid if probable cause to arrest

existed prior to the search. (Id. at 2-3). The Government further alleges that the search was also authorized as a Terry Stop, as Officer Williams had, by virtue of the outstanding parole warrant, reasonable, articulable suspicion to conduct an investigatory detention. (Id. at 2).

The core of the Fourth Amendment is its protection of the individual's privacy against arbitrary intrusion by the police. Wolf v. Colorado, 338 U.S. 25, 27, 69 S. Ct. 1359, 1361, 93 L. Ed. 1782. An intrusion by the police in the form of a search and seizure is arbitrary, and therefore unreasonable, if not authorized by law. It is well established that searches conducted without a warrant "are per se unreasonable under the Fourth Amendment subject only to a few specifically established and well-delineated exceptions.'" United States v. Juarez, 573 F.2d 267, 272 (5th Cir.1978) (quoting Katz v. United States, 389 U.S. 347, 357, 88 S. Ct. 507, 19 L. Ed. 2d 576 (1967)).

A traditional exception to the warrant requirement is a search conducted incident to a lawful arrest. U.S. v. Robinson, 414 U.S. 218, 224, 94 S. Ct. 467, 471, 38 L. Ed. 2d 427 (1973). "Since the custodial arrest of a suspect based on probable cause is a reasonable intrusion under the Fourth Amendment, a search incident to the arrest requires no additional justification." U.S. v. Goddard, 312 F.3d 1360, 1364 (11th Cir. 2002) (citing Robinson, 414 U.S. at 235, 94 S. Ct. 467). Additionally, "[w]here the formal arrest follow[s] quickly on the heels of the challenged search of petitioner's person, we do not believe it particularly important that the search preceded the arrest rather than vice versa." Rawlings v. Kentucky, 448 U.S. 98, 111, 100 S. Ct. 2556, 2564, 65 L. Ed. 2d 633 (1980); United States v. Banshee, 91 F.3d 99, 102 (11th Cir.1996) ("[B]ecause there was probable cause for the arrest before the search and the arrest immediately followed the challenged search,

the fact that [defendant] was not under arrest at the time of the search does not render the search incident to arrest doctrine inapplicable.").

There appears to be no question that Defendant was under arrest at least shortly after the items were seized from his person. In fact, although Officer Williams is not specific in his report as to when the arrest was made, he does state that he "advis[ed] [Defendant] of the [outstanding parole] warrants" prior to conducting the pat down of Defendant's outer clothing and discovering the items at issue. (Doc. No. 24, p. 4). Officer Williams elaborated upon the sequence of events at the hearing on this Motion:

> Williams: [I] got out of the patrol vehicle, approached him and advised him of the warrant, which he said he was going to turn himself in but I advised him I had to take him because he had an active parole warrant on him. [I] placed him under arrest, patted him down, and felt the hard substance in his back pocket and another substance in his front pocket.
>
> . . .
>
> Government: You indicated to [Defendant] that he was, he was under arrest for the parole warrant?
>
> Williams: Yes sir, yes sir.

This testimony was not contradicted by Defendant, and thus it is clear that the search conducted by Officer Williams was incident to the lawful arrest of Defendant based on the outstanding parole warrant. Defendant's contentions to the contrary are unavailing. The search did not violate Defendant's Fourth Amendment rights. Accordingly, the evidence seized as a result of this search should not be suppressed.

3

## **CONCLUSION**

Based on the foregoing, it is my **RECOMMENDATION** that the Motion to Suppress filed by Defendant (Doc. No. 24) be **DENIED**.

So **REPORTED** and **RECOMMENDED**, this 12th of December, 2006.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

4

AO 72A
(Rev. 8/82)